# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONIA JONES,<br><br>            Petitioner,<br><br>     v.<br><br>SUPERIOR COURT OF FRESNO COUNTY,<br><br>            Respondent. | Case No.  1:15-cv-01168-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 28, 2015, Petitioner filed the instant petition for writ of habeas corpus.  Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 4).

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

1

Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

Petitioner admits that her direct appeal is pending in the California Court of Appeal. (ECF No. 1 at 5-6). This Court will abstain from hearing Petitioner's claims at this time. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

All three of the Younger criteria are satisfied here. First, Petitioner's case in California state court is "ongoing" in that Petitioner's direct appeal of her conviction was pending at the time she filed the petition and it appears that Petitioner is still pending trial on these charges. See Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 801 (9th Cir. 2001) (holding that the state court proceedings are deemed ongoing under the first prong of the Younger test if the state court suit was pending at the time of the federal suit's filing). Second, the state has an important interest in passing upon and correcting violations of a defendant's rights. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003). Third, petitioner has an adequate state forum in which to pursue his claim, even if the state court of appeal affirms her conviction and sentence. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").

Therefore, the Younger requirements are satisfied in the present case, and abstention is required unless extraordinary circumstances exist, such as bad faith, harassment, or irreparable harm if the court abstains. See Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 817 n.22 (1976); Middlesex County Ethics Comm., 457 U.S. at 437. Petitioner has not made any showing of extraordinary circumstances indicating that she will suffer irreparable harm if the federal court abstains until after she has completed her direct appeal. See Younger, 401

U.S. at 45-46; Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Nor do Petitioner's claims fall within the narrow exception to the Younger doctrine; namely Petitioner makes no claim that federal habeas review is necessary to prevent a violation of the Double Jeopardy Clause or to enforce her right to a speedy trial. See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Accordingly, the Court should abstain from interfering with the state judicial process. Therefore, as Petitioner's petition challenges the ongoing criminal proceedings in state court, the petition must be dismissed.

## II.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of her petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's petition must be dismissed debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice;
2. The Clerk of Court is DIRECTED to close the case; and
3. The Court DECLINES to issue a certificate of appealability;

IT IS SO ORDERED.

Dated:   **August 19, 2015**

UNITED STATES MAGISTRATE JUDGE